**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY SALE,
Plaintiff-Appellant,

v.                                                                          No. 95-1276

PHILIP MORRIS, USA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-94-325-3)

Submitted: February 13, 1996

Decided: March 21, 1996

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles R. Gray, Chester, Virginia, for Appellant. Hill B. Well-
ford, Jr., J. Mark DeBord, HUNTON & WILLIAMS, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mary Sale was laid off from her job as a fabrication supervisor at Philip Morris, USA following a reorganization of the company's Stockton Street facility. After presenting her claim to the EEOC, Sale filed this action in the district court alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e-2000e-17 (West 1994), and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634 (West 1985 & Supp. 1995). The district court granted Philip Morris's motion for summary judgment and Sale appeals.

In a case alleging age or gender discrimination, a plaintiff must prove with reasonable probability that, but for plaintiff's age or gender, an adverse employment decision would not have been made. Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1314 (4th Cir. 1993). Plaintiff may satisfy her burden of proof by direct evidence, or circumstantial evidence under the method of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). In the context of a reduction-in-force, a prima facie case is established by showing: (1) the employee was a member of a protected group; (2) she was chosen for discharge from a larger group; (3) she was performing at a level substantially equivalent to the lowest level of those retained; (4) the selection process produced a work force containing some unprotected persons performing at a level lower than that at which she was performing. Mitchell, 12 F.3d at 1315.

In this case, the district court ruled that Sale did not establish the third or fourth prongs. A management group from Philip Morris ranked the fabrication supervisors based on several criteria, including education, performance ratings, work experience, special skills and abilities, and length of service. The top thirty-nine supervisors were retained; twenty-one were laid off. Sale ranked fifty-first.

Sale's challenge to the validity of the ranking process must fail. Consideration of factors requiring subjective evaluation does not invalidate the process, Page v. Bolger, 645 F.2d 227, 230 n.8 (4th Cir.), cert. denied, 454 U.S. 892 (1981), particularly where several

2

objective factors are weighed. The fact that Sale, some of her former coworkers, and even a former supervisor may have disagreed with her rank is not significant. A discharged employee cannot attack an employer's ratings system that is objective and facially fair merely because she or her coworkers differ with the result. Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 235 (4th Cir. 1991).

Sale's attempt to attribute discriminatory motives to the management group that rated the fabrication supervisors also fails. She argues that the management team had to rely on group supervisors because management lacked everyday exposure to the fabrication supervisors. Sale then asserts that several of the group supervisors routinely denigrated women and sought to promote their male "hunting buddies." Members of the management group denied by affidavit that group-supervisor ratings were used to make the final rankings. Sale offers nothing but conjecture by individuals with no firsthand knowledge to support her theory. Such material is not sufficient to withstand summary judgment or create a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

We therefore affirm the judgment of the district court granting summary judgment for Philip Morris. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3